IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOEUF RIVER FARM, INC.                                                                          PLAINTIFF

v.                                              No. 5:12CV00153 JLH

HIGH PRESSURE RIDGE FARMS, INC.;
JASON HALE; JEFFREY A. SIMMONS;
JEFF S. RUSSELL; and DANIEL E. FORSSE                                                    DEFENDANTS

## ORDER

On April 26, 2012, Boeuf River Farms, Inc., commenced this action alleging that the defendants breached their contractual obligations by failing to pay rent owed for leased farmland located in Ashley County, Arkansas. On May 17, Boeuf River served the summons and complaint on each of the defendants, with the exception of Forsse. Thus, pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the served defendants had up to and including June 7 to file a responsive pleading. Boeuf River's brief states that, on May 25, a paralegal for the defendants' counsel contacted Boeuf River's counsel and requested a thirty-day extension—to which Boeuf River's counsel readily agreed. Thus, the defendants had up to and including July 7 to file a responsive pleading. No responsive pleading was filed by July 7 despite, according to Boeuf River, numerous efforts to contact the defendants' counsel.

On July 30, Boeuf River's counsel contacted the defendants' counsel to inform him of Boeuf River's intent to seek a default judgment. Upon receiving no response, Boeuf River filed a motion for default judgment on July 31.[1] Document #8. The defendants, including Forsse, filed an answer on August 3. Document #11. Thereafter, Boeuf River filed a motion to strike the defendants'

---

[1] That same day Boeuf River filed an amended motion for default judgment which was docketed as a motion to amend/correct the earlier motion. Document #10.

answer. Document #13. The defendants then filed a motion for extension of time to file an answer. Document #16. The dispositive issue is whether the Court should exercise its discretion to excuse the untimeliness of the defendants' answer. *See* Fed. R. Civ. P. § 6(b)(1)(B).

It is well-settled that "[t]he entry of default judgment is not favored by the law . . . and should be a rare judicial act[.]" *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (internal quotation marks omitted) (quoting *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), *and Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)). Striking a party's pleadings is similarly disfavored. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Courts have excused an untimely filing in light of counsel's serious personal circumstances when the delay is relatively marginal and serious prejudice is lacking. *Local Union No. 12004, United Steelworkers Of Am. v. Mass.*, 377 F.3d 64, 72 (1st Cir. 2004) (Counsel "was preoccupied by the need to care for his infant son, who was severely ill.").

Here, the answer was filed only twenty-seven days late. The Eighth Circuit has treated even longer delays as "marginal." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (citing *In re Jones Truck Lines*, 63 F.3d at 687-88 (thirty-two day delay)). The defendants' counsel explains that his failure to file a timely answer stemmed, in large part, from his preoccupation with admitting his son to an out-of-state drug rehabilitation program and dealing with an episode of serious back pain, which is a sufficient reason for excusing the untimeliness of the answer. *Local Union No. 12004*, 377 F.3d at 72.

As to prejudice, Boeuf River argues that delay causes economic hardship and increases the difficulty of finding and collecting assets to satisfy any judgment or gaining priority as against other creditors. Boeuf River also argues that one of the defendants engaged in fraud by stopping payment

on a rent check, and that further delay creates further opportunity for similar fraud. These risks, however, attend most civil lawsuits asserting breach of contract claims. Furthermore, as explained, the delay here was only twenty-seven days, which is a marginal delay. *See In re Jones Truck Lines, Inc.*, 63 F.3d at 688 ("A court abuses its discretion if it enters a default judgment 'for a marginal failure to comply with the time requirements.' " (quoting *Harre*, 983 F.2d at 130)). In view of the fact that the delay here was only twenty-seven days, no real prejudice is likely to occur.

For good cause shown, the defendants' motion for extension of time is GRANTED. Document #16. The defendants' answer, filed on August 3, 2012, is hereby construed as timely. Boeuf River's motions for default judgment and motion to strike the defendants' answer are DENIED. Documents #8, #10, #13.

IT IS SO ORDERED this 24th day of August, 2012.

                                                                              */s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE